THE CASE WAGON COMPANY, Appellant, vs. WOLFENDEN and others, imp., Respondents.

*November 5 — November 23, 1886.*

*Bond of indemnity against liability: Consideration: Delivery.*

Former decision in *Case Wagon Co. v. Wolfenden,* 63 Wis. 185, adhered to.

APPEAL from the Circuit Court for *La Crosse* County. The case was before this court on a former appeal and is reported in 63 Wis. 185, where a sufficient statement of the facts will be found.   After the reversal of the judgment on the former appeal, the cause was remanded to the trial court, and the venue was thereupon changed to La Crosse county.   A trial in that county resulted in a verdict

in favor of the defendants *Wolfenden*, *Reinecke*, and *Erd*, and from so much of the judgment as dismissed the action as to said defendants the plaintiff appealed.

*G. Stevens*, for the appellant.

For the respondents there was a brief by *Pinney & Sanborn*, and oral argument by *Mr. Sanborn*.

Orton, J. As we understand this case as now presented, every material question raised upon this appeal is *res adjudicata* in the case reported in 63 Wis. 185, and the circuit court in its instructions to the jury and its rulings appears to have been governed strictly by the decision and opinion upon the former appeal. The errors assigned do not materially affect the real merits of the case.

The plaintiffs, by the intended purchase of its property, assumed the payment of the debts of the "Wonewoc Manufacturing Company," and, as a part of such indebtedness of the company, the notes in suit given to one Kimbark. The defendant held some claims against the company, and was surety on said notes. He was willing to surrender his claims against the company to the plaintiffs and allow them to purchase and obtain possession of the property, without his hindrance, competition, or objection, if they would indemnify him against his liability as surety on said notes. The plaintiffs accordingly gave the defendant an indemnifying bond against such liability and an agreement of similar import. They then obtained the assignment of certain mortgages on the property, by which they obtained possession of all of the property of said corporation and had full control of its business. They exacted the secrecy of the defendant as to this transaction, so that they could buy or pay up the indebtedness of the corporation at as low a discount as possible. They purchased the notes in suit at fifty per cent. discount, on account of its being kept secret that they had bought the property and assumed the indebtedness

of the insolvent corporation and indemnified the defendant against his liability as surety. They now seek to hold the defendant as surety on the Kimbark notes, for the full amount, principal and interest. They obtained all the title to the property that was mentioned in said agreement, and the plaintiffs' claims against the corporation have never been enforced, and have been held by the defendant at the disposal of the plaintiffs at all times; and, in the hands of the defendant, said claims are in equity discharged. The question of their assignment, and that of the consideration of the bond and agreement, were disposed of on the former appeal, as well as that of the delivery and effect of said bond and agreement, and are no longer open questions in the case.

It is now claimed by the learned counsel of the appellants that there has been new and other evidence that the bond had not been delivered. But such new evidence is at best but contradictory to and in conflict with evidence of its delivery, and the jury saw fit to discredit such new evidence, as they had a right to do.

That the indemnifying bond was not delivered is a mere technical objection. The plaintiffs acted under it in buying up these notes at a discount; and, as soon as they had done so, the defendant was released and discharged as surety thereon according to its terms. Most certainly, the corporation was released therefrom so far as it remained a subsisting indebtedness, disconnected from the purchase of all of its property. Then why not the surety? As soon as the bond was executed the plaintiffs began to act in accordance with its terms, and at the time, no doubt, in perfect good faith. They obtained the advantage, through the bond and the action of the defendant, of buying up the notes at fifty per cent. of their principal, which they had assumed to pay and indemnified the defendant against, and now seek to hold him liable as such surety for the whole amount. If

the plaintiffs had demanded from the defendant only the fifty per cent. they had paid, it would have been a step in the direction of justice and equity, but without reaching it. As it is, there is not the semblance of right or equity in the plaintiff's claim against the defendant. The defense is an equitable one, and has been fully sustained by the evidence. We do not wish to change or add anything to the former opinion in the case.

*By the Court.*— The judgment of the circuit court is affirmed.